UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| WORLD HERITAGE ANIMAL | ) | |
| GENOMIC RESOURCES, INC. and | ) | |
| LUCINDA CHRISTIAN, | ) | No. 5:19-CV-199-GFVT-MAS |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| LAURA WRIGHT and GEICO | ) | |
| INDEMNITY COMPANY, | ) | |
|  | ) | |
| Defendants. | | |

## MEMORANDUM OPINION & ORDER

Plaintiffs World Heritage Animal Genomic Resources, Inc. ("WHAGR") and Lucinda

Christian ("Christian"; collectively "Plaintiffs") as well as Defendant GEICO Indemnity Company

("Geico") have filed competing motions to compel. [DEs 77, 79]. The respective motions raise

countless disputes concerning written discovery requests exchanged by the parties. Given pending

deadlines in the case, the Court directed the parties to file expedited responses. [DEs 81, 82]. The

Court renders its decision below.

## I.    RELEVANT FACTUAL BACKGROUND

The dispute between the parties centers on an automobile accident on March 31, 2017. In

the accident, Christian was rear-ended by Laura Wright, who was insured by GEICO. The vehicle

that Christian was operating was owned by WHAGR. Per the Complaint in this matter, Plaintiffs

have asserted claims in negligence and in statutory and common law bad faith, the latter against

GEICO alleging the insurance company failed to timely pay Plaintiffs for their injuries suffered in

the automobile accident. [DE 1-1]. Judge Van Tatenhove bifurcated the negligence claims and

bad faith claims.  The negligence claims have been resolved, and the parties are currently conducting discovery on Plaintiffs' bad faith claims.

## II.  ANALYSIS

### A.  PLAINTIFFS' MOTION TO COMPEL

#### 1.  Interrogatories Nos. 1, 2, 6 & 7

In the above-listed interrogatories, Plaintiffs seek the identification of persons "involved" from GEICO in the handling of Plaintiffs' insurance claim.  [DE 77-2, Page ID# 753-54, 57].  In response, GEICO made no objection and identified six persons.  [*Id.*].

In their motion, Plaintiffs suggest that GEICO surely has other persons that are "involved" with the claim at issue.  In support, Plaintiffs point to the deposition testimony of a witness that stated he spoke with the "claims home office" multiple time a day.  [DE 77-1, Page ID# 732].  Plaintiffs later describe the role of the "claims home office" as retaining a "control file" "managed by a home office attorney."  [Id. at Page ID# 738].  From this, Plaintiffs "find it hard to believe that no one at GEICO's home office has been involved at any time in the handling of the claims of the Plaintiffs in this case."

Yet, the cited deposition testimony is neither attached to Plaintiffs' motion nor is there any explanation of whether such conversations with GEICO's home office were substantive or administrative.  In fact, from Plaintiffs' later description, the activity appears more administrative.  Even more concerning, it appears the deposition Plaintiffs rely upon to make this argument is testimony in a completely unrelated case in another jurisdiction.  [DE 77-1 at Page ID# 732, 738, 740, and 744].

In the end, GEICO has fully answered the Interrogatories while Plaintiffs have not provided any clear proof that other, specific individuals exist beyond Plaintiffs' general suspicions.  On this ground, Plaintiffs' motion is denied.

### 2.     <u>Interrogatories Nos. 10-13, 17</u>

Here, Plaintiffs seek identification of all civil and administrative litigation for bad faith claims filed against GEICO nationwide between 2010 and 2020, including the resolution of such cases.  [DE 77-2, Page ID# 758-61].  In Interrogatory No. 17, Plaintiffs make a similar request, but specifically target litigation involving GEICO claims adjuster Kamisha Battle.  [*Id.* at Page ID# 761].

GEICO objected that this interrogatory was overly broad and unduly burdensome.  [*Id.* at Page ID# 758-61].  The Court agrees for a few reasons.  First, there is no support that such a request should be applied nationally as opposed to Kentucky-based litigation.  Plaintiffs would be hard pressed to find a cognizable argument that such a broad request does not exceed the proportional bounds of discovery in federal court.  FED. R. CIV. P. 26.  The Court finds only Kentucky relevant to a Kentucky litigation concerning Kentucky law.  Second, Plaintiffs' bad faith allegations in this case concern a delay in payment after a motor vehicle accident.  Any other type of bad faith claim litigation, whether civil or administrative, is not relevant to Plaintiffs' claims.  Topically, the identified litigation should be limited to the litigation at issue in this case.  Third, ten years seems excessive and unmoored to any justification by Plaintiffs.  Rather, the Court will permit discovery on these topics for a period of five years prior to the payment made by GEICO to Plaintiffs.  Finally, Plaintiffs seek information regarding the amounts paid by GEICO as part of any judgment or settlement in such cases.  Assuming GEICO's eventual responses include basic information permitting the identification of the litigation (*e.g.*, case style, case number, jurisdiction, date filed, etc.), the Court certainly finds confidence in Plaintiffs' ability to procure such documents through public records.  To the extent such litigation was negotiated, compromised, and settled privately, the Court does not find such information will assist Plaintiffs (either legally or practically) in the event of a trial in this matter.

In sum, Plaintiffs' motion is granted only to such an extent that it requires GEICO to identify all civil and administrative litigation, as detailed in the relevant interrogatories, in Kentucky concerning a bad faith claim for delayed payment arising out of a motor vehicle accident for the five-year period prior to its payment of Plaintiffs in this matter. The same limitations equally apply to requests associated with GEICO claims adjuster Kamisha Battle. GEICO has fourteen days from the date of this Order to provide such information to Plaintiffs. Plaintiffs' motion is denied in all other regards related to these interrogatories.

### 3.    Interrogatories Nos. 15, 16

Plaintiffs ask GEICO to identify "the top 10 highest-ranking employees of GEICO Indemnity Company who were aware of the claims of" Plaintiffs. [DE 77-2, Page ID# 760]. GEICO objected to these requests emphasizing that, *inter alia*, the word "aware" rendered the request overly broad and disproportionate to the needs of the case. [*Id.*].

Again, the Court agrees with GEICO. The notion of trying to capture when a person is "aware" of a case seems nearly impossible. If an assistant transcribes a letter on behalf of a claims adjuster, is the assistant "aware" of the claim and subject to disclosure? If an intern makes copies of documents discussing Plaintiffs claims, is the intern "aware"? Although these examples are hyperbolic, they emphasize the dangers of such a broad term as "aware." Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). The Rules are structured "to allow broad discovery[,]" but such breadth "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing" for potentially relevant information in an unduly burdensome manner. *Surles ex rel.*

4

*Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted). Using such a board term as "aware" turns Plaintiffs' current endeavor into a fishing expedition.

Plaintiffs' additional request for individuals "aware" of the case is a bridge too far under the proportionality framework of Rule 26. Thus, Plaintiffs' motion is denied.

4.      **Requests for Production of Documents Nos. 2, 5, 7, 13, 14, 18, 19**

Through these document requests, Plaintiffs seek several categories of documents concerning GEICO's communications with several external and internal groups concerning this litigation.

GEICO has produced several responsive documents but has largely claimed attorney-client privilege for the bulk of potential, responsive documents. In support of its privilege claim, GEICO has produced a privilege log. Yet, GEICO's privilege consists of a paltry, two-page document that groups all privileged documents into six general categories. [DE 81-2, Page ID# 911]. Such a privilege log does not assist Plaintiffs or this Court in discerning if GEICO's claim of privilege is valid. Per FED. R. CIV. P. 26(b)(5)(A)(ii), more is required if GEICO wishes to maintain its privilege. Specifically, GEICO must list every individual document for which its claims a privilege, including the Bates stamp number, the date of the document, the sender(s) and recipient(s) of the documents, the type of privilege at issue, and a description or summary of the document such that Plaintiffs and the Court can ascertain the validity of the claimed privilege.

Accordingly, GEICO has fourteen days from the date of this Order to create such a privilege log. Plaintiffs' motion is denied in that it seeks production of specific documents for these requests but granted to the extent it seeks production of a privilege log. To the extent Plaintiffs, upon receipt of GEICO's privilege log, wish to raise arguments contesting the specific claims of privilege, Plaintiffs are free to pursue such a motion.

5.     **Requests for Production of Documents Nos. 8-12**

Plaintiffs' above requests for production focus on internal documents for GEICO, including newsletters, memoranda, claims manuals, training documents, etc. that would govern or discuss GEICO's decision process in a case such as Plaintiffs.

Although GEICO has produced documents in response to this request (8,579 pages per GEICO), it presents two objections.  Initially, GEICO complains that production of documents beyond the date of the accident at issue bears little on the claims or defense of the parties and is unduly burdensome.  The Court concurs.  To the extent such documents sought in these requests were <u>not</u> controlling as of the date of the accident at issue, the documents could have no bearing on Plaintiffs' claims for defenses.  Next, GEICO's responses indicate it has withheld documents because of concerns of confidentiality.  The Agreed Protective Order, as approved by GEICO and entered by District Judge Van Tatenhove, should fully address those concerns.  [DE 64].  On this ground, Plaintiffs' motion to compel is granted.  Any documents withheld by GEICO for concerns of the disclosure of confidential or proprietary information shall be produced within fourteen days of this Order.

6.     **Requests for Production of Documents Nos. 15, 16**

Requests Nos. 15 and 16 seek production of the claims evaluation summaries for Plaintiffs and documents that calculate a range for the full value of the individual claims, respectively.[1] GEICO originally objected to both requests as vague and ambiguous, but wholly failed to address

---

[1] Plaintiffs, as part of the meet and confer process, provided explanation for the term "claims evaluation summaries," something GEICO does not contest.  [DE 77-2, Page ID# 796-97].

the contested requests in its response to Plaintiffs' motion.[2]  Regardless of its objections, GEICO's responses indicated it did produce some documents in response to both requests.  GEICO has fourteen days to identify the specific responsive documents by Bates numbers as to both Request No. 15 and Request No. 16.  Plaintiffs' motion, for these requests, is granted.

   7.   **Request for Production of Documents No. 31**

Plaintiffs seek any "prior affidavit, declaration, deposition or transcribed trial testimony" of any individual involved with this case.  GEICO objected on several grounds generally arguing that such a request will certainly produce information that is not related to the claims and defenses of the parties in this case.

GEICO is correct.  Any sworn statements by any individuals with knowledge in this case about some other case or dispute involving different insurance policies, parties, and state law has nothing to do with the claims and defenses in this case.  If GEICO has a sworn statement from a potential witness about *this case* that is not privileged, then GEICO should produce such a document.  Barring that, GEICO is not required to produce any sworn statements from other disputes, especially given that Plaintiffs provide no geographical, topical, or temporal limitation. Such a request is irrelevant, overly burdensome, and disproportionate to the needs of this case.

Except for sworn statements of witnesses about this case that are not privileged, Plaintiffs' motion is denied.

---

[2] Requests for Production of Document No. 15 is included with several other requests under a heading about producing non-privileged internal documents.  Although this may be technically accurate, Request No. 15 is neither specifically discussed nor does GEICO address the case cited by Plaintiffs suggesting that such documents requested here are relevant in discovery.  For Request for Production of Documents No. 16, GEICO incorrectly includes the response to that request along with its requests addressing the knowledge of individuals "aware" of the facts of the case. Request No. 16 includes no such language and in no way relates to that discussion point.

8.    **Request for Production of Documents Nos. 32**

With Request No. 32, Plaintiffs request all of GEICO's annual reports to the Securities and Exchange Commission, shareholders, regulators, etc.  GEICO objects based upon relevancy.

Although Plaintiffs have offered to narrow the request to the last two years, Plaintiffs summarily state that such documents are "highly relevant in this case on the issue of punitive damages."  [DE 77-1, Page ID# 744].  As GEICO correctly points out, Kentucky jurisprudence disagrees.  [DE 81, Page ID# 905 (citing *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916, (Ky. 1998) ("It has been the law of this Commonwealth for almost one hundred years that in an action for punitive damages, the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation."))].

The Court denies Plaintiffs' motion.

9.    **Request for Production of Documents Nos. 33**[3]

Here, Plaintiffs seek a specific document: GEICO's Good Faith Claim Handling PowerPoint for Region 9-Midwest.  GEICO describes the document as follows: "a Power-Point presentation drafted by GEICO's in-house counsel for the purpose of providing legal advice to GEICO's claims personnel regarding compliance with claims-handling legal standards." [DE 81, Page ID# 903].  Plaintiffs do not contest GEICO's description, but simply counter that because the requested document is "part of the training received by all GEICO's claims agents, . . . such documentation should be discoverable in this case."  [DE 77-1, Page ID# 745].

Ultimately, the Court lacks enough information to determine if the presentation at issue is privileged.  For example, while GEICO says the presentation was drafted by an in-house attorney,

---

[3] Both parties refer to this as Request No. 3 [DE 77-1, Page ID# 744; DE 81, Page ID# 903], but a review of the discovery requests and the topic as discussed by the parties indicate that the correct request is Request No. 33.

that attorney is not identified in its response or its privilege log.  Nor is there any description of

how many times this presentation was given, who gave the presentation, and a description of the

audience that viewed the presentation.

Thus, as part of GEICO's requirement to produce a more complete and thorough privilege

log, the Court orders GEICO to supplement information regarding this PowerPoint as it existed

and was presented most closely in time to, but preceding, March 2017.  *See*, *e.g.*, *Fitch v. Entergy

Corp.*, No. 17-cv-1548, 2019 WL 1490105 (E.D. La. Feb. 11, 2019) (discussing the privilege claim

of a PowerPoint presentation created by an insurance company for training purposes).

Plaintiffs' motion is denied.  However, if Plaintiffs still contest privilege following the

production of a more fulsome privilege log, Plaintiffs may later raise the issue with the Court.

**B.**      **GEICO'S MOTION TO COMPEL**

**1.**      **Plaintiffs' Financial Documents, Social Security Disability Information, &
            WHAGR Board of Directors Meeting Minutes**

After some vacillation,[4] Christian indicated at her deposition that she is seeking damages

from GEICO based upon the financial distress caused to her and WHAGR by GEICO's allegedly

delayed payment.  In her response, Christian now indicates she is not pursuing financial damages

or that her reference to financial damages at her deposition is subsumed in her emotional distress

damages.

In light of these shifting sands, GEICO renewed its requests for the tax returns of Christian

(from 2015-2019) [DE 79-3, Page ID# 850] and WHAGR (from 2015-2021) [*Id*. at Page ID# 859]

to ascertain the financial damage to Plaintiffs.  GEICO also seeks information concerning

---

[4] GEICO had previously sought financial records from Plaintiffs based upon the indication
they were seeking financial distress damages.  Following a teleconference with the Court, Plaintiffs
stated that they were not making any claim for financial distress.  [DE 71].  Thus, GEICO withdrew
the relevant discovery requests.

Christian's Social Security disability benefits.  And finally, GEICO sought production of the meeting minutes from WHAGR's board of director quarterly meetings from 2015 to 2021 wherein the financial health of WHAGR was discussed.

Christian responded that she did not have copies of any tax returns for 2015 and 2016.  For the later years, Christian did not file tax returns.  Thus, for the latter years, there are no documents to produce.  Similarly, Christian no longer has possession of her records related to her Social Security disability benefits.  For Christian, she must take action to procure these missing documents.  *Davis v. Colonial Freight Systems, Inc.*, No. 3:16-cv-674, 2018 WL 1935860, at *2 (E.D. Tenn. April 24, 2018) (requiring procurement and production of tax returns if the tax returns are relevant to the discovery in the dispute).  Otherwise, no different than medical records, a party can simply excuse discovery obligations by destroying or losing documents when those documents may only be obtained from third parties by that same individual.  Upon receipt, the Court expects Christian to promptly produce any documents responsive to GEICO's discovery requests.[5]

Meanwhile, WHAGR has produced its tax returns from 2015-2017.  GEICO also seeks tax returns for 2018-2021 and WHAGR never explains a basis for refusing to produce such documents.  For the board's meeting minutes, WHAGR has produced minutes from 2015 through 2018, but counters that there is no relevancy to meeting minutes in 2019, 2020, and 2021.  The Court rejects WHAGR's arguments. If WHAGR is claiming past and future business losses as a category of damages, GEICO must understand the financial state of WHAGR both in the years before the alleged injury and in the years after the alleged injury as to quantify and qualify those supposed

---

[5] The Court cannot find a specific request for production of Christian's Social Security records or a request for a release of the same in the record; however, because Christian only objected to the motion to compel on the basis that she was unwilling to sign a release and the documents are not currently in her possession, custody, or control, the Court must assume both parties agree that these documents are responsive to some request served on Christian.

damages.  Without that context, GEICO is unable to understand and fully defend against any such claim of damages from WHAGR.

As detailed above, GEICO's motion to compel is granted.   Christian shall promptly produce the responsive tax documents and social security disability documents within seven days of their receipt.  WHAGR shall produce the responsive tax documents and board meeting minutes within fourteen days of entry of this Order.

### 2. **Waiver of Privilege**

Throughout the course of the litigation, GEICO alleges that Christian has disclosed certain documents GEICO believes are subject to the attorney-client privilege as between Christian and her prior attorneys as part of her bodily injury claims.[6]  Per GEICO, such a disclosure constitutes a waiver of her attorney-client privilege and seeks production of all the privileged documents reflecting communications between Christian and her prior counsel that have been partially disclosed to date.

Christian rejects the notion that the disclosure of these privilege documents results in a full waiver.  The disclosure of privileged documents is governed by FED. R. EVID. 502.[7]  Specifically, Rule 502(a) states that a waiver will extend to other, undisclosed privileged communications if: "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness be considered together."  The Advisory Committee Notes to Rule 502(a) further explain:

> The rule provides that a voluntary disclosure in a federal proceeding or to a federal office or agency, if a waiver, generally results in a waiver only of the

---

[6] Because this is a diversity action, the Court applies Kentucky privilege law. *See* FED. R. EVID. 501. Under Kentucky law, neither party appears to dispute that the disclosed documents are privileged.

[7] "[I]n a federal proceeding—although state law still applies to the existence of a privilege in a diversity case—federal law (as stated in the Rule) controls waiver." *Lee v. Medical Protective Co.*, 858 F.Supp.2d 803, 807 (E.D. Ky. 2012).

communication or information disclosed; **a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary**. Thus, subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner.

(Emphasis added).  Under Rule 502(a), subject matter waiver exists only in cases where a party deliberately discloses privileged information to gain a tactical advantage.  *In re United Mine Workers of America Emp. Benefit Plans Litig.*, 159 F.R.D. 307, 312 (D.D.C. 1994).  In other words, upon reviewing the documents, their subject matter, and their role in the litigation, the Court would need to determine if the disclosing party was using the disclosure as both shield and sword.  *See In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005).

Here, the Court has almost no evidence to make any such determination.  The Court has not reviewed the documents or even had the documents specifically described.  GEICO cites to the Court's prior Order requiring further disclosure, but, as noted in that Order, the ruling was provisional and subject to further motion practice of the parties.  [DE 71 ("This is a provisional ruling. Either party has leave to file an appropriate motion on the issues addressed herein for full briefing and submission to the Court for a formal ruling.")].  That further practice is here and now.  And GEICO has not established the necessary elements under Rule 502 to permit subject matter waiver generally as to all documents.  Nor has GEICO detailed how Christian is using the disclosure to gain some tactical advantage beyond a two-sentence, conclusory statement that provides little support for the Court to make any such finding.  [DE 79, Page ID# 815].

Without more, GEICO's motion is denied.

### III.   <u>CONCLUSION</u>

For the reasons stated above and the Court being sufficiently advised, the Court **ORDERS** that Plaintiffs' Motion to Compel [DE 77] is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      Plaintiffs' request to compel responses to Interrogatories Nos. 1, 2, 6, and 7 is **DENIED**.

2.      Plaintiffs' request to compel responses to Interrogatories Nos. 10-13 and 17 is **GRANTED IN PART** only as to require GEICO to identify all civil and administrative litigation, as detailed in the relevant interrogatories, in Kentucky concerning a bad faith claim for delayed payment arising out of a motor vehicle accident for the five-year period prior to its payment of Plaintiffs in this matter.  The time parameters equally apply to requests associated with GEICO claims adjuster Kamisha Battle.  GEICO has fourteen days from the date of this Order to provide such information to Plaintiffs. Plaintiffs' request for any other information sought in these in Interrogatories is **DENIED**.

3.      Plaintiffs' request to compel responses to Interrogatories Nos. 15 and 16 is **DENIED**.

4.      Plaintiffs' request to compel production of documents in response to Requests for Production of Documents Nos. 2, 5, 7, 13, 14, 18, 19 is **GRANTED IN PART** so as to require GEICO to produce a detailed privilege log specifically identify each allegedly privileged document within 14 days of this Order. All other aspects of these requests are **DENIED**.

5.       Plaintiffs' request to compel production of documents in response to Requests for Production of Documents Nos. 8-12 is **GRANTED IN PART** to the extent such responsive documents were governing as of the date of the accident and/or withheld under the guise of

confidentiality.  GEICO has fourteen days from the date of this Order to produce any responsive documents.  All other aspects of these requests are **DENIED**.

6.     Plaintiffs' request to compel production of documents in response to Requests for Production of Documents Nos. 15 and 16 is **GRANTED**.  GEICO has fourteen days from the date of this Order to produce any responsive documents and/or identify responsive documents by bate stamp number.

7.     Plaintiffs' request to compel production of documents in response to Requests for Production of Documents No. 31 is **GRANTED IN PART** only as to any non-privileged, sworn statements in the custody, control, or possession of GEICO that concern the facts and analysis of this case.  GEICO has fourteen days from the date of this Order to produce any responsive documents.  All other aspects of these requests are **DENIED**.

8.     Plaintiffs' request to compel production of documents in response to Requests for Production of Documents No. 32 is **DENIED**.

9.     Plaintiffs' request to compel production of documents in response to Requests for Production of Documents No. 33 is **GRANTED IN PART** requiring GEICO to produce a more fulsome privilege log.  GEICO has fourteen days from the date of this Order to produce a more detailed privilege log addressing the responsive document.  All other aspects of these requests are **DENIED**.

Further, for the reasons stated above and the Court being sufficiently advised, the Court **ORDERS** that GEICO's Motion to Compel [DE 79] is **GRANTED IN PART AND DENIED IN PART** as follows:

1.     Regarding Christian's tax returns, GEICO's Motion is **GRANTED IN PART**.  Christian is required to procure and produce her tax returns for fiscal years 2015 and 2016 within

seven days of their receipt.  Because she did not file any taxes for other years, GEICO's motion is **DENIED** for those years.

2.      Regarding Christian's social security disability information, GEICO's Motion is **GRANTED**.  Christian is required to procure and produce any responsive documents related to her Social Security disability claim within seven days of their receipt.

3.      Regarding WHAGR's tax returns and quarterly board meeting minutes, GEICO's Motion is **GRANTED**.  WHAGR is required to produce tax returns for the years 2018 through 2020 as well as quarterly board meeting minutes in 2019, 2020, and 2021, subject to any redaction for privilege, within fourteen days of this Order.

4.      GEICO's request for subject matter waiver due to Christian's partial disclosure of privileged communications is **DENIED**.

The undersigned enters this Memorandum Opinion & Order pursuant to 28 U.S.C. § 636(b)(1)(A).  Within fourteen (14) days after being served with a copy of this Memorandum Opinion, either party may appeal this decision to Judge Van Tatenhove pursuant § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 12th day of May, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge